IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:24–CR–99 |
| Plaintiff, | |
| vs. | ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| HANNA J. WILLIAMS, | |
| Defendant. | |

This matter is before the Court to conduct an initial review of the defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 36. The Court sentenced the defendant to 200 months' incarceration following her guilty plea to distribution of 50 grams or more of methamphetamine (actual). Filing 34 (Judgment). In her Motion, the defendant raises four grounds for habeas relief, all related to alleged ineffective assistance of counsel. Filing 36. The defendant's asserted grounds include counsel's failure to file a notice of appeal, failure to object to the defendant's criminal history score, failure to discuss the plea agreement with the defendant, and failure to challenge the purity and quantity of the methamphetamine. Filing 36.

The judge receiving a motion to vacate under 18 U.S.C. § 2255 must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The Court has conducted an initial review and, for two of the defendant's grounds, it does not "plainly appear[ ]" that she is not entitled to relief. Regarding the defendant's first ground for

1

relief, "[a]n attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *See United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). The Government shall therefore respond to this allegation. The Government shall also respond to the defendant's second ground for relief: defense counsel's alleged failure to object to the defendant's calculated criminal history score. Nothing in the plea agreement prevented defense counsel from doing so. Filing 28 at 4 (providing in relevant part, "The parties have no agreement concerning the defendant's Criminal History Category."). Additional information is needed to determine "whether counsel's performance was deficient, and if so, whether prejudice resulted" from this alleged failure. *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted).

But the defendant's third and fourth grounds claiming ineffective assistance can be dismissed on initial review. Defense counsel's alleged failure "to discuss the plea agreement with the defendant and respond to questions about it," Filing 36 at 7, is "contradicted by the record." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016). The defendant stated in her Petition to Enter a Plea of Guilty and during the change-of-plea hearing that she was "satisfied with the job [defense counsel] has done." Filing 27 at 1–2 (Petition); *see also* Filing 29 at 9 (the defendant confirming that she was "fully satisfied with the representation that [defense counsel] provided and the advice that was given to [her] in this case"); *Nguyen v. United States*, 114 F.3d 699, 703–04 (8th Cir. 1997) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" (citation omitted)). The magistrate judge recommended, and the Court agreed, that the defendant's entry into the plea agreement was competent, knowing, and voluntary. Filing 30. Similarly, defense counsel's alleged ineffective assistance due to "fail[ure] to challenge the purity and

2

quantity of the methamphetamine," Filing 36 at 8, is "contradicted by the record." *Walker*, 810 F.3d at 580. The factual record stipulated in the plea agreement provides, "The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 150 grams, but not more than 500 grams of methamphetamine (Actual)." Filing 28 at 2; *see also* USSG § 2D1.1(a)(5)(c)(4) (providing that a defendant responsible for at least 150 but less than 500 grams of methamphetamine (actual) has a base offense level of 32). Because it "plainly appears" that the defendant is not entitled to relief on the third and fourth grounds of her petition, these grounds will be dismissed. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Therefore, the Court orders the United States to respond to the first and second grounds presented in the defendant's Motion no later than 30 days after the date of this order. The third and fourth grounds are dismissed. The Court defers determining whether it is necessary to hold an evidentiary hearing on the remaining grounds until it has reviewed the United States' response. Accordingly,

IT IS ORDERED:

1. Grounds III and IV of the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 36, are dismissed; and
2. The United States shall respond to the defendant's remaining grounds in her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 36, no later than August 22, 2025.

Dated this 23rd day of July, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge