IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>HANNA J. WILLIAMS,<br><br>　　　　　　　Defendant. | 8:24-CR-99<br><br>ORDER ON DEFENDANT'S MOTION FOR EXTENSION |

　　　　This matter is before the Court on the defendant's Motion for Extension. Filing 45. The defendant's Motion states in full: "I, Hanna Williams, Defendant am writing to request an [sic] 30 to 60 day extension so that I may retain legal representation before continuing." Filing 45 at 1. The Court construes the defendant's Motion as a request for additional time to file a reply brief to the Government's answer, Filing 40, to the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 36. The Court previously conducted an initial review of the defendant's motion under 28 U.S.C. § 2255 and dismissed Grounds III and IV. Filing 37 at 3. The Court then ordered the Government to respond to the defendant's remaining grounds, which the Government has done. Filing 40.

　　　　In its order on initial review, the Court did not set a deadline for the defendant to file a reply to the Government's answer. *See generally* Filing 37. Rule 5(d) of the Rules Governing Section 2255 Proceedings provides that "[t]he moving party may file a reply to the respondent's answer or other pleading." Rule 5(d) further provides that "[t]he judge must set the time to file unless the time is already set by local rule." Rule 5(d) of the Rules Governing Section 2255 Proceedings. This Court's local rules do not set the time to file a reply in a habeas case. The Court

1

will therefore grant the defendant's Motion for Extension and order that the defendant may file a reply brief within 30 days from the date of this order.

The Court does not construe the defendant's Motion for Extension as a request for the appointment of counsel because the defendant indicates that she intends to "retain legal representation" on her own. Filing 45 at 1. Regardless, the Court would not grant a request for the appointment of counsel at this stage because "there is no general right to counsel in post-conviction habeas proceedings for criminal defendants," *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999), and pending the defendant's reply, if any, the Court has not yet determined whether an evidentiary hearing is warranted in this case. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Accordingly,

IT IS ORDERED:

1. The defendant's Motion for Extension, Filing 45, is granted; and

2. The defendant may file a reply brief on or before October 27, 2025.

Dated this 26th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
