IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HANNA J. WILLIAMS,<br><br>Defendant. | 8:24-CR-99<br><br>ORDER ON DEFENDANT'S SECOND MOTION FOR EXTENSION |

This matter is before the Court on the defendant's second Motion for Extension. Filing 47. The defendant's Motion states in full: "I, Hanna Williams, Defendant, am writing to request an extension to obtain legal counsel to prepare for my reply to the 2255." Filing 47 at 1. In a prior order, the Court granted the defendant's first request for additional time to file a reply brief to the Government's answer to the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 46. In that order, the Court noted that it had not previously set a deadline for the defendant to file a reply to the Government's answer, but that Rule 5(d) of the Rules Governing Section 2255 Proceedings provides that "[t]he moving party may file a reply to the respondent's answer or other pleading." Filing 46 at 1. Accordingly, the Court granted the defendant's first Motion for Extension, Filing 45, and set a deadline for 30 days from the date of that order in which the defendant could file her reply brief. Filing 46 at 2.

The defendant timely filed her second Motion for Extension, and she requests additional time to file her reply for the same reason as before: "to obtain legal counsel" to assist her with her brief. Filing 47 at 1; Filing 45 at 1. The Court will grant the defendant's second Motion for Extension, but the Court will not entertain any further requests for additional time to file a reply. *See United States v. Moreno*, No. 11-178 ADM/LIB, 2013 WL 1104766, at *1 (D. Minn. Mar. 18,

1

2013) ("The Rules governing Section 2255 proceedings do not require the Government to respond to a Section 2255 motion unless the Court requests the Government do so," and "the Government's Response does not give the Defendant an automatic right to reply."). If the defendant wishes to file a reply, she has 30 days from the date of this order to do so—with or without the assistance of retained counsel.

As before, the Court does not construe the defendant's motion as a request for the appointment of counsel because the defendant indicates that she intends to retain counsel on her own. Filing 47 at 1; Filing 46 at 2. Regardless, the Court would not grant a request for the appointment of counsel at this stage because "there is no general right to counsel in post-conviction habeas proceedings for criminal defendants," *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999), and pending the defendant's reply, if any, the Court has not yet determined whether an evidentiary hearing is warranted in this case. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Accordingly,

IT IS ORDERED:

1. The defendant's Motion for Extension, Filing 47, is granted;

2. The defendant may file a reply brief on or before November 26, 2025; and

3. The Clerk will mail a copy of this Order to the defendant at her last known address.

Dated this 27th day of October, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge