IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>HANNA J. WILLIAMS,<br><br>    Defendant. | **8:24-CR-99**<br><br><br>**MEMORANDUM AND ORDER DENYING IN PART AND REFERRING IN PART DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

This matter is before the Court on petitioner Hanna J. Williams's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 36. On April 2, 2025, the Court sentenced Williams to a 200-month term of incarceration for distributing 50 grams or more of methamphetamine (actual). Filing 31 (Text Minute Entry); Filing 34 (Judgment). Williams then timely filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging four grounds for habeas relief all related to ineffective assistance of counsel. Filing 36. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court conducted an initial review of Williams's motion. Filing 37. The Court dismissed two of Williams's asserted grounds after concluding that it "plainly appear[ed]" that Williams was "not entitled to relief" on those grounds. Filing 37 at 2–3. Specifically, the Court dismissed Ground Three, which alleged that defense counsel failed to discuss the plea agreement with Williams and answer her questions about the plea agreement, because Williams's allegations in Ground Three were "contradicted by the

1

record," including Williams's statements in her Petition to Enter a Plea of Guilty and during her change of plea hearing. Filing 37 at 2 (quoting *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016)). The Court likewise dismissed Ground Four, which asserted that defense counsel failed to challenge the purity and quantity of methamphetamine, because Ground Four was also "contradicted by the record," namely Williams's plea agreement. Filing 37 at 2–3 (quoting same). The Court ordered the Government to respond to Williams's two remaining grounds for habeas relief. Filing 37 at 1. The Government subsequently filed a response to Grounds One and Two, as well as an evidentiary index. Filing 40; Filing 42; Filing 42-1. Williams filed two motions seeking an extension of time to file a reply to the Government's response. Filing 45; Filing 47. Although the Court granted both motions, Williams ultimately did not file a reply. Filing 46; Filing 48. Having reviewed the record and materials in this case, the Court concludes that Williams is entitled to an evidentiary hearing on Ground One. For the reasons below, Ground Two is dismissed.

## I.  BACKGROUND

In May 2024, Williams was charged with one count of distributing 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1) after she received one pound of methamphetamine from a supplier and immediately sold it to a confidential source in Omaha, Nebraska. Filing 1; Filing 28 at 2. Williams was arrested in the Western District of Arkansas in July 2024 and was subsequently transferred to the District of Nebraska. Filing 6; Filing 7; Filing 11 (Text Minute Entry). On January 6, 2025, Williams entered a guilty plea to the sole count in the Indictment. Filing 22 (Text Minute Entry); Filing 27 (Petition to Enter a Plea of Guilty); Filing 28 (Plea Agreement). Williams pleaded guilty pursuant to a plea agreement that included the parties' agreement that Williams would "be held responsible, beyond a reasonable doubt, for at least 150 grams, but not more than 500 grams of methamphetamine (Actual)." Filing 28 at 3. The Court

accepted Williams's guilty plea and on April 2, 2025, the Court accepted Williams's plea agreement and sentenced her to a term of 200 months of incarceration to be followed by 5 years of supervised release. Filing 34 (Judgment). With a total offense level of 31 and Criminal History Category VI, Williams's guideline custody range was 188 to 235 months. Filing 32 at 18. Williams did not appeal but instead filed the present § 2255 motion. Filing 36.

There are two outstanding claims in Williams's § 2255 motion that the Court will address. Both claims assert that Williams's defense counsel was ineffective. In Ground One, Williams alleges that defense counsel provided ineffective assistance of counsel because he "failed to file a Notice of Appeal after sentencing when one was requested." Filing 36 at 4. Williams clarifies that "[d]efense counsel did not notify/discuss direct appeal when one was requested." Filing 36 at 4. Ground Two asserts that defense counsel was ineffective because he "failed to challenge and object to the PSI in regards to the criminal history." Filing 36 at 5. Williams avers that her counsel "was asked to challenge/object [to] criminal history multiple times after PSI was received and be reviewed on a recorded line." Filing 36 at 5.

## II.  ANALYSIS

### A.  Applicable Standards

Williams brings her motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United*

*States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)).

When a habeas petitioner brings an ineffective assistance of counsel claim, courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted); *see Strickland v. Washington*, 466 U.S. 668, 686 (1984). These are the *Strickland* prongs, and "[f]ailure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). Generally, "[i]f the defendant cannot prove prejudice, [courts] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (alterations added). "However, when an attorney disregards specific instructions from a defendant to file a notice of appeal, he acts in a manner that is professionally unreasonable." *Dressen v. United States*, 28 F.4th 924, 928 (cleaned up). "In such a case, prejudice is presumed because the defendant has forfeited h[er] right to an appellate proceeding as a result of h[er] counsel's error." *Id.* (cleaned up) (alterations added). "Even if the client waived h[er] right to appeal as part of a plea agreement," as Williams did here, "prejudice is presumed if the client asked h[er] attorney to file a notice of appeal and the attorney did not do so." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (alterations added).

The Eighth Circuit Court of Appeals has explained,

"A bare assertion by the petitioner that [she] made a request [of her counsel to file a notice of appeal] is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Barger*

*v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). Where a defendant and h[er] attorney submit conflicting affidavits about the existence of such constructions, the court must conduct an evidentiary hearing to assess which witness is more credible. *See Witthar v. United States*, 793 F.3d 920, 924 (8th Cir. 2015).

*Dressen*, 28 F.4th at 928 (alterations added). Otherwise, "[a] § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). A hearing is also unnecessary where "the record include[s] all of the information necessary for the court to rule on the motion." *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004).

### B.  An Evidentiary Hearing is Required on Ground One

Williams claims in Ground One that her attorney "failed to file a Notice of Appeal after sentencing when one was requested." Filing 36 at 4. Williams repeats this allegation more than eight times throughout her § 2255 motion as the reason why she did not raise any of her habeas grounds on direct appeal. *See generally* Filing 36. In response to Ground One, the Government obtained an affidavit from Williams's former counsel. *See* Filing 42-1. Defense counsel states that "[a]t no time during that process did the Defendant request that I file an appeal of her sentence." Filing 42-1 at 1. Defense counsel's statement contradicts Williams's allegation in Ground One and as the Government points out, this means that the Court "must therefore evaluate the credibility of Williams and her counsel." Filing 40 at 5. The Government explains that "[u]nder Eighth Circuit precedent, this credibility determination requires a hearing." Filing 40 at 5 (citing *Sellner*, 773 F.3d at 929–30). The Court agrees. "When a district court receives conflicting statements—one from a §

2255 petitioner and one from her former counsel—the court cannot 'mak[e] a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing.'" *Witthar*, 793 F.3d at 923 (alterations in the original) (quoting *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014)). Thus, the Court will refer the question of whether Williams asked her defense attorney to file an appeal to the magistrate judge to conduct an evidentiary hearing and draft a Findings and Recommendation.

### C. Ground Two is Denied Without an Evidentiary Hearing

No evidentiary hearing is required on Ground Two. Ground Two is an ineffective assistance of counsel claim based on defense counsel's alleged failure to "challenge and object to the PSI in regards to the criminal history." Filing 36 at 5. Apart from asserting that "[d]efense counsel was asked to challenge/object [to] criminal history multiple times after PSI was received and be reviewed on a recorded line," Williams does not provide any factual support for her claim in Ground Two, and she does not explain what she would have had her attorney challenge. Filing 36 at 5. The Court assumes that Williams disagreed with the criminal history calculation in her Revised Presentence Investigation Report (PSR), Filing 32, but the Court cannot ascertain whether Williams disputed every single criminal conviction factored into that calculation, or just some of the convictions. Williams has not identified any specific criminal history points that she believes defense counsel should have objected to, much less the grounds for any such objection. In his affidavit, defense counsel explains that Ground Two may be referring to paragraphs 42, 44, and 45 of the PSR because Williams was concerned with the criminal history points allocated in those paragraphs. Filing 42-1 at 1–2. However, in a § 2255 proceeding the petitioner bears the burden to establish that her "counsel's performance was deficient and that [she] suffered prejudice as a result." *O'Neil*, 966 F.3d at 770 (internal quotation marks and citation omitted). Williams has not carried that burden here

where she has only alleged "conclusions rather than statements of fact." *Walker*, 810 F.3d at 580 (internal quotation marks and citation omitted).

Even if the Court assumed that defense counsel is correct and that Ground Two alleges he was ineffective because he failed to object to paragraphs 42, 44, and 45 of the PSR, Ground Two would fail on the merits. Paragraph 42 describes Williams's prior conviction for Theft by Unlawful Taking Over $1,500 in the Douglas County District Court, Omaha, Nebraska. Filing 32 at 7–8. Williams was arrested on that charge on December 4, 2014, and on April 5, 2016, she was sentenced to 5 to 8 years of prison with credit for two days. Filing 32 at 7–8. Under the United States Sentencing Guidelines, Williams received 3 criminal history points for that conviction. Filing 32 at 7. Paragraph 44 outlines Williams's prior conviction for Fleeing to Avoid Arrest and Failure to Appear on Bail in the Cass County District Court, Plattsmouth, Nebraska. Filing 32 at 8. In that case, Williams was arrested on April 20, 2015, and sentenced to 12 months of prison on each charge, to be served concurrently, on September 23, 2016. Filing 32 at 8. She received 2 criminal history points for the conviction in paragraph 44. Filing 32 at 8. Finally, paragraph 45 sets out Williams's conviction for Criminal Possession of a Financial Transaction Device (2 or 3 Devices) in the Douglas County District Court, Omaha, Nebraska. Filing 32 at 8–9. Williams received 3 criminal history points for that conviction after she was arrested on May 30, 2015, and sentenced to 20 to 36 months in prison with credit for 84 days on April 5, 2016. Filing 32 at 8–9.

Although Williams was sentenced on the same day for the convictions in paragraphs 42 and 45, those sentences were properly counted separately under the United States Sentencing Guidelines because "the sentences were imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2). Moreover, Williams correctly received 3 criminal history points for the convictions in paragraphs 42 and 45 because her sentence in each case "exceed[ed] one year and

one month." U.S.S.G. § 4A1.1(a). Williams also correctly received 2 criminal history points for the conviction in paragraph 44 because the sentence imposed was "at least sixty days" but less than one year and one month. U.S.S.G. § 4B1.1(b). Thus, even if Williams had alleged that defense counsel should have objected to the criminal history points allotted in paragraphs 42, 44, and 45 of her PSR, the Court would have dismissed the claim because any objection to those paragraphs would have been meritless. Defense counsel's failure to make a meritless objection does not render his assistance ineffective. *See Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991) ("Counsel's failure to raise these meritless issues does not constitute ineffective assistance."); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("Thus, counsel's failure to advance a meritless argument cannot constitute ineffective assistance."). For these reasons, Ground Two fails and no evidentiary hearing is required on that ground. *See Franco*, 762 F.3d at 763 ("No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (internal quotation marks and citation omitted)).

### III. CONCLUSION

Based on the reasons set forth above and in the Court's prior order, Filing 37, the only ground remaining in Williams's § 2255 motion is Ground One, which alleges that defense counsel did not file an appeal even though Williams requested an appeal. An evidentiary hearing is required on Ground One. The Court will not issue a certificate of appealability because a portion of this matter remains pending and because reasonable jurists would not find the Court's decisions debatable. *See* 28 U.S.C. § 2253(c)(1)–(2) (stating that a certificate of appealability may only issue "if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (outlining the standards for issuing a certificate of appealability when a petitioner's claims have been rejected on the merits and when they have been rejected on procedural grounds,

with both circumstances requiring an examination of whether reasonable jurists would find the district court's decisions debatable). Accordingly,

IT IS ORDERED:

1. Ground One of Hanna J. Williams's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 36, is referred to United States Magistrate Judge Michael D. Nelson to conduct an evidentiary hearing and draft a Findings and Recommendation on the matter;

2. Ground Two of Hanna J. Williams's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 36, is denied; and

3. The Court will not issue a certificate of appealability.

Dated this 24th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge